# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ANGEL ANDRES GALAN BAEZ** | **CIVIL DOCKET NO. 3:26-CV-151** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **US IMMIGRATION & CUSTOMS ENFORCEMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Angel Andres Galan Baez ("Petitioner"), pursuant to 28 U.S.C. §2241. At the time of filing this petition, Petitioner was an immigration detainee at the Richwood Correctional Center in Monroe, Louisiana. Petitioner sought release from detention or a bond hearing.

Petitioner entered the United States without inspection more than 18 years ago. He was detained by immigration authorities on December 17, 2025 (Doc. 4).

Respondents filed a Response in Opposition to Petition for Writ of Habeas (Doc. 14). Respondents claim the petition is moot and should be dismissed with prejudice because Petitioner has been removed and is no longer in ICE custody. In support of their claim, Respondents provide the Declaration of Supervisory Detention and Deportation

Officer Wilton J. Tyler[1] which states that on March 2, 2026, Petitioner was removed by IAO Charter Flight #26-003329 from HRL with a final destination of SPJC (14-1).

Because Petitioner has been removed and is no longer in ICE custody this petition should be DISMISSED WITHOUT PREJUDICE because it is moot.

**LAW AND ANALYSIS**

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990).  Petitioner must continue to meet the case or controversy requirement.  Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  Petitioner's petition challenging his detention is moot because he has been removed and is no longer in ICE custody (Docs. 14 and 14-1).  See Dormeus v. Keisler, 252 Fed.Appx. 611, 612 (5th Cir.2007).  If a controversy is moot, the court lacks subject matter jurisdiction.  Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

---

[1] The court notes that the declaration heading states Declaration of Assistant Field Office Director Stephen Allport, but the body of the declaration states Wilton J. Tyler is making the declaration, and it is digitally signed by Wilton J. Tyler, Supervisory Detention and Deportation Officer (Doc. 14-1).

Accordingly, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** as moot.

### OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 10th day of June 2026.



Mark L. Hornsby
U.S. Magistrate Judge